**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):    **Patrick B Ellis**
                     **Carole E Ellis**                    Case No:  **10-75660-FJS**

This plan, dated  **December 1, 2010**  , is:

- ■ the *first* Chapter 13 plan filed in this case.
- ☐ a modified Plan, which replaces the
    ☐confirmed or ☐unconfirmed Plan dated .

    Date and Time of Modified Plan Confirming Hearing:

    Place of Modified Plan Confirmation Hearing:

    The Plan provisions modified by this filing are:

    Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$264,563.00**
Total Non-Priority Unsecured Debt: **$34,895.23**
Total Priority Debt: **$0.00**
Total Secured Debt: **$251,000.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$330.00 Monthly for 50 months**. Other payments to the Trustee are as follows:   **NONE**   . The total amount to be paid into the plan is $   **16,500.00**   .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $   **2,545.00**   balance due of the total fee of $   **3,000.00**   concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

  **C.**  **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

  **D.**  **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

  **E.**  **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**  **Unsecured Claims.**

  **A.**  **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __4__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

  **B.**  **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037  Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | **Citimortgage** | **Primary Residence: 2344 Poyner Lane, Virginia Beach, VA 23454 (zillow estimate)** | **1,847.76** | **10,000.00** | **0%** | **50 months** | **200.00** |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | **-NONE-** | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

   | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
   |---|---|---|---|---|
   | **-NONE-** | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

   | Creditor | Type of Contract |
   |---|---|
   | **-NONE-** | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|
   | **Verizon Wireless** | **Contract** | **0.00** | | **0 months** |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Amount | Value of Collateral |
   |---|---|---|---|
   | -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|
   | -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**11.** **Other provisions of this plan:**
**I. Request for Reimbursement of Expenses Through Plan**
**In addition to the attorney fees requested for payment in the Statement of Compensation filed with the Court and in paragraph 2.A.2. of this Plan, Boleman Law Firm, P.C. requests reimbursement of actual and necessary expenses through the Plan. Pursuant to Standing Order 08-1, such expenses shall not exceed $300.00 unless a formal application is filed with and approved by the Court. Boleman will submit a claim for payment of its expenses in a manner that is consistent with Standing Order 08-1 periodically throughout the case. Boleman reserves the right to submit its claim for expenses via a Proof of Claim filed with the Court.**

**Any funds paid by Debtor(s) to Boleman prior to the case filing are disclosed at paragraph 9 of the Statement of Financial Affairs and applied, if applicable, first to payment of Bankruptcy Court filing fee, then to the credit counseling briefing expense, circuit court homestead deed filing fee, 2-in-1 downloadable credit report, and finally to fees.**

**II. Payment of Attorney Fees and Expenses - The claim for attorney fees and expenses shall be paid all funds available on first disbursement after confirmation of the plan, and until such claim for attorney fees and expenses is paid in full, except as reserved for adequate protection payments on allowed secured claims (if any), and trustee commissions.**

**III. Payment of Adequate Protection**
**- All adequate protection payments set forth in Section 3.C are to be paid through the Trustee.**
**- The Debtor(s) shall pay regular post-petition contract payments to the creditors listed in Section 5.A., and such payments shall also constitute adequate protection payments to such creditors. Accordingly, the Trustee shall not pay adequate protection payments to creditors listed in Section 5.A.**
**- No adequate protection payments are to be paid to any creditors unless the Plan provides for the payment of adequate protection of such claim(s) through the Trustee in Section 3.C. or directly by the Debtor(s) in Section 5.A., or unless the Court orders otherwise.**

**IV. Direct Payments on Long-Term Debts to the Following Creditor(s):**

**Creditor: ECMC ($55 per month)**

**Under 11 U.S.C. Section 1322(b)(5), since the last payment on the claim is due after the date on which the final payment under the plan is due, the debtor can maintain regular payments while in the plan.**

**Signatures:**

**Dated:**   **December  1, 2010**

**/s/ Patrick B Ellis**                                                                                     **/s/ Matthew R. Hahne VSB**
**Patrick B Ellis**                                                                                           **Matthew R. Hahne VSB 68213**
**Debtor**                                                                                                       **Debtor's Attorney**

**/s/ Carole E Ellis**
**Carole E Ellis**
**Joint Debtor**

**Exhibits:**           **Copy of Debtor(s)' Budget (Schedules I and J);**
                              **Matrix of Parties Served with Plan**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                                                                               Best Case Bankruptcy

Certificate of Service

    I certify that on **December 1, 2010**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

    **/s/ Matthew R. Hahne VSB**
    **Matthew R. Hahne VSB 68213**
    Signature

    **Convergence Center III**
    **272 Bendix Rd, Suite 130**
    **Virginia Beach, VA 23452**
    Address

    **(757) 313-3000**
    Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **Patrick B Ellis / Carole E Ellis**, Debtor(s)   Case No. **10-75660-FJS**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Daughter / Daughter** | AGE(S): **2 / 9** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **HR Administrator** | **Land Surveyor** |
| Name of Employer | **ACS** | **DKT Associates** |
| How long employed | **10/1/05** | **5/1/10** |
| Address of Employer | **1434 Crossways Blvd, Chesapeake** | **217 Suite B, East Little Creek Road, Norfolk, VA 23505** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 2,192.21 | $ 2,250.17 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 2,192.21 | $ 2,250.17 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 492.92 | $ 246.72 |
|    b. Insurance | $ 0.00 | $ 405.88 |
|    c. Union dues | $ 0.00 | $ 0.00 |
|    d. Other (Specify): | $ 0.00 | $ 0.00 |
|   | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 492.92 | $ 652.60 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,699.29 | $ 1,597.57 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
|   | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): **See Detailed Income Attachment** | $ 1,396.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,396.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 3,095.29 | $ 1,597.57 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 4,692.86 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    **Mr. Ellis received his first paychecks from Dominos in November.**

B6I (Official Form 6I) (12/07)

In re  **Patrick B Ellis**
       **Carole E Ellis**                                    Case No.  **10-75660-FJS**
                          Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Detailed Income Attachment

**Other Monthly Income:**

| | | |
|---|---:|---:|
| **Federal and state tax refunds amortized** | $ **180.00** | $ **0.00** |
| **Husband Part time at Domino's - net** | $ **350.00** | $ **0.00** |
| **Tip Income - approximation** | $ **866.00** | $ **0.00** |
| **Total Other Monthly Income** | $ **1,396.00** | $ **0.00** |

B6J (Official Form 6J) (12/07)

In re **Patrick B Ellis**
**Carole E Ellis**
Debtor(s)

Case No. **10-75660-FJS**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,847.76 |
| a. Are real estate taxes included? Yes **X** No ___ | | |
| b. Is property insurance included? Yes **X** No ___ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 120.00 |
| b. Water and sewer | $ | 50.00 |
| c. Telephone | $ | 0.00 |
| d. Other **See Detailed Expense Attachment** | $ | 198.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 15.00 |
| 4. Food | $ | 800.00 |
| 5. Clothing | $ | 65.00 |
| 6. Laundry and dry cleaning | $ | 10.00 |
| 7. Medical and dental expenses | $ | 25.00 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 75.00 |
| 10. Charitable contributions | $ | 200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 112.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) **Personal Property tax** | $ | 17.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other **Student Loan** | $ | 55.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Miscellaneous Expense** | $ | 123.00 |
| Other **Childcare** | $ | 400.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,362.76 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ | 4,692.86 |
| b. Average monthly expenses from Line 18 above | $ | 4,362.76 |
| c. Monthly net income (a. minus b.) | $ | 330.10 |

B6J (Official Form 6J) (12/07)

In re  **Patrick B Ellis**
**Carole E Ellis**
Debtor(s)

Case No. **10-75660-FJS**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
**Detailed Expense Attachment**

**Other Utility Expenditures:**

| | |
|---|---:|
| **Cable & Internet** | $ **58.00** |
| **Cell Phone** | $ **120.00** |
| **Trash collection** | $ **20.00** |
| **Total Other Utility Expenditures** | $ **198.00** |

```
Office of the U.S. Trustee
200 Granby Street
Suite 625
Norfolk, VA 23510


ACE
5151 N. Harlem Ave, Ste 201
Chicago, IL 60656


AFNI-BLOOM
404 Brock Drive
P.O. Box 3097
Bloomington, IL 61701


Allied International Credit
Re: HSBC Financial
P.O. Box 1259
Oaks, PA 19456-1259


American Credit Bureau, Inc
1200 N Federal Hwy, Ste 200
Boca Raton, FL 33432-2813


Anderson, Crenshaw & Assoc.
Re: Bugs 4 Less
6116 N. Central Expressway
Dallas, TX 75206


BNA Financial Bureau, Inc.
RE: Depaul Medical Center
8010 Safari Drive
Smyrna, TN 37167-6605


Bugs 4 Less
2420 Virginia Beach Blvd
Virginia Beach, VA 23452


Cardiovascular Associates
5700 Cleveland Street
Suite 228
Virginia Beach, VA 23462


Children's Hospital of the
King's Daughters
601 Children's Lane
Norfolk, VA 23507
```

Citibank (South Dakota), N.A.
Re: Bankruptcy
701 E. 60th St. North
Sioux Falls, SD 57104


Citibank (South Dakota), N.A.
c/o Ken Stork, President
701 E.60th St. N
Sioux Falls, SD 57104


Citimortgage
Re:  Bankruptcy Dept.
P.O. Box 790016
Saint Louis, MO 63179-0016


Coastal Surgical Specialists
1120 First Colonial Rd. #203
Virginia Beach, VA 23454


Credit Control
Re: Cardiovascular Assoc.
PO Box 488
Hazelwood, MO 63042-0488


Credit Control
Re: CHKD
PO Box 488
Hazelwood, MO 63042-0488


Credit Control
Re: General Academic Pediatric
PO Box 488
Hazelwood, MO 63042-0488


Credit Control
Re:CSG Neurology
PO Box 488
Hazelwood, MO 63042-0488


Credit Control
Re: Sentara VA Beach Gen Hosp
PO Box 488
Hazelwood, MO 63042-0488

```
Credit Control
Re: Sentara Leigh Hospital
PO Box 488
Hazelwood, MO 63042-0488


Credit Control
Re: Richard N Valentine, Jr.
PO Box 488
Hazelwood, MO 63042-0488


Credit Control
Re: Sentara VA Beach Gen
PO Box 488
Hazelwood, MO 63042-0488


CSG Neurology
601 Children's Lane
Norfolk, VA 23507


Curves International
100 Ritchie Road
Woodway, TX 76712


Darrell A Meeks, LTD
281 Independance Blvd
Ste 225
Virginia Beach, VA 23462


Depaul Medical Center
150 Kingsley Lane
Norfolk, VA 23502


Dish Network
9601 South Meridian Blvd
Englewood, CO 80112


Dominion Law Associates
Re: Citibank
222 Central Park Avenue
Virginia Beach, VA 23462-3026


Dominion Law Associates
Re: Eastern VA Med School
222 Central Park Avenue
Virginia Beach, VA 23462-3026
```

```
Dominion Law Associates
Re: Sentara Medical Group
222 Central Park Avenue
Virginia Beach, VA 23462-3026


Eastern Virginia Med School
Re: Bankruptcy
825 Fairfax Ave., Ste 340
Norfolk, VA 23507


ECMC
P.O. Box 75906
Saint Paul, MN 55175


Emergency Phys. of Tidewater
Attn: Bankruptcy Dept.
4092 Foxwood Dr., Ste 101
Virginia Beach, VA 23462


Equidata
Re: Hampton Roads Radiology
724 Thimble Shoals Blvd
Newport News, VA 23606


Equidata
Re: Darrell A Meeks
724 Thimble Shoals Blvd
Newport News, VA 23606


First Point Collec. Resources
Re: James P. Ritter, DDS
P O Box 26140
Greensboro, NC 27402


GEMB/Wal Mart
Attn:  Bankruptcy Dept.
P.O. Box 103104
Roswell, GA 30076


General Academic Pediatrics
604 Children's Lane
Norfolk, VA 23507
```

Glasser & Glasser, P.L.C.
Crown Center, Suite 600
580 E. Main Street
Norfolk, VA 23510


Hampton Roads Radiology
Re: Bankruptcy
110 Kingsley Lane
Norfolk, VA 23505-4617


Horizon Financial Management
8585 S. Broadway
Suite 880
Merrillville, IN 46410


Household Finance
2929 Walden Avenue
Depew, NY 14043-2602


Household Finance
1421 Kristina Way
Chesapeake, VA 23320-8917


James P Ritter, DDS
3933 Bonney Rd.
Virginia Beach, VA 23452


Kingsley Lane Pathology Assoc
P O Box 4955
Clifton Park, NY 12065


Labcorp
Re: Bankruptcy
358 S. Main St.
Burlington, NC 27215


LCA Collections
Re: LabCorp
P.O. Box 2240
Burlington, NC 27216-2240


LVNV Funding, LLC
P.O. Box 10497
Greenville, SC 29603

```
Medical Center RadiologistsInc
P.O. Box 37
Indianapolis, IN 46206


Mid Atlantic Imp & Oral Surger
272 Bendix Rd. Ste 280
Virginia Beach, VA 23452


Midland Credit Management
Re: Citibank
8875 Aero Drive, Suite 200
San Diego, CA 92123


National Recoveries Inc.
Re: Bankruptcy
14735 Hwy 65 N E
Andover, MN 55304


Northland Group Inc.
RE: Target
PO Box 390846
Minneapolis, MN 55439


Patient First
P.o. Box 758941
Baltimore, MD 21275-8941


Receivables Management
Re: Patient First
7206 Hull St., Ste 21
Richmond, VA 23226-0630


Richard N. Valentine, Jr.
700 Independence Circle
Ste 3-A
Virginia Beach, VA 23455


ROI Service Inc.
P.O. Box 39
Zebulon, NC 27597


Security Collection Agency
Re: CHKD
P O Box 910
Edenton, NC 27932
```

```
Sentara Collections
535 Independence Pkwy
Suite 700
Chesapeake, VA 23320


Sentara Leigh Hospital
Re: Bankruptcy
830 Kempsville Rd
Norfolk, VA 23502


Sentara Medical Group
Chimney Hill Medical Assoc.
3745 Holland Road
Virginia Beach, VA 23452


Sentara Medical Group
Neurology - SBH
816 Independance Blvd., Ste2H
Virginia Beach, VA 23455


Sentara VA Beach Gen Hospital
1060 First Colonial Rd
Virginia Beach, VA 23454


Target Credit Services
P.O. Box 673
Minneapolis, MN 55440


Target NB
3901 W. 53rd St
Sioux Falls, SD 57106


TigerTranz
808 Downtowner Blvd.
Mobile, AL 36609


US Dept of Ed
RE: Bankruptcy Unit
P.O. Box 65128
Saint Paul, MN 55165


Vann Virginia Ctr for Ortho.
Re: Bankruptcy
230 Clearfield Avenue, #124
Virginia Beach, VA 23462
```

```
Wittstadt Title & Escrow Co
22375 Broderick Drive
Ste 210
Sterling, VA 20166
```